UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2020
```

-------------------------------------------------------------------X
                               :

VINCENT O. EZEIRUAKU,                :

                            :

              Plaintiff,         :

                            :           20-cv-4004 (LJL)

       -v-                      :

                            :        <u>MEMORANDUM & ORDER</u>

AMERICAN EXPRESS COMPANY,   :

                            :

             Defendant.     :

                            :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On May 22, 2020, pro se Plaintiff Vincent O. Ezeiruaku brought claims against

Defendant American Express Company ("Defendant" or "American Express") for breach of

contract, fraud, and violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666.  Dkt.

No. 2 ("Complaint" or "Compl.").[1]  He sought $52,000 in actual damages with interest and

$500,000 in punitive damages.  After Defendant failed to appear or otherwise respond to the

Complaint despite being served on June 29, 2020 by a process server, *see* Dkt. No. 6, Plaintiff

filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), Dkt. No. 12.  The Court

held a telephonic hearing on August 28, 2020 at which it directed Plaintiff to submit evidence in

support of his claim for liability and damages and permitted Plaintiff to amend his motion.  After

Plaintiff filed his amended motion and submitted redacted billing statements, the Court held a

second hearing on September 18, 2020 to discuss the motion and supporting documentation.

On October 19, 2020, the Court granted in part and denied in part Plaintiff's motion and

---

[1] The Court assumes familiarity with the facts of this case, which are set forth in the Court's
opinion at Dkt. No. 15.

entered judgment in the amount of $36,173.  *See* Dkt. No. 15.  It granted the FCBA claims with respect to the 20 airline tickets charged to Plaintiff's bank account on July 16, 2019 because of the evidence that Defendant opened an investigation into those alleged billing errors, and Plaintiff's allegation that Defendant failed to correct the bank statement or, alternatively, to send a written explanation explaining why the tickets were not billing errors pursuant to 15 U.S.C. § 1666(a)(B).

The Court denied the FCBA claims with respect to the remaining tickets charged on July 16, 2019 and July 17, 2019 because Plaintiff made no allegation that he "notified [Defendant] in writing of the amount of the billing error and reasons for believing that it is an error" which would have triggered Defendant's "duty to resolve the dispute." *Abergel v. Santander Bank*, 2019 WL 4141668, at *2 (S.D.N.Y. Aug. 30, 2019); *see* 15 U.S.C. § 1666(a).  Additionally, for the tickets charged on July 16, 2019 and allegedly not refunded, Plaintiff stated at the September 18, 2020 hearing that "four tickets were returned and later on we found out that they ke[pt] trying to put it back in the billing," and that he had hoped Defendant would appear at that hearing "to explain in detail whether they actually snuck back in some of the returns," thus suggesting there was ambiguity as to whether Plaintiff may have already received partial relief.  Dkt. No. 15 at 3. And for the tickets charged on July 17, 2019, Plaintiff's allegations, and his responses to the Court's questions at the same hearing, did not indicate whether those seven tickets were in fact improperly charged by Defendant.  *See, e.g.*, Tr. at 5:8-18 ("[W]e've put all those things there hoping that they will . . . clarify which ones that they actually charged.").  The Court also denied Plaintiff's claims of breach of contract, breach of fiduciary duty, and fraud.

Nonetheless, the Court provided Plaintiff with an opportunity to amend his motion for default judgment by November 30, 2020 to include allegations about whether Plaintiff gave

"written notice" to Defendant, pursuant to 15 U.S.C. § 1666(a), for the remaining tickets and to submit the corresponding documentation.

On October 23, 2020, Plaintiff filed the amended motion for default judgment.  Dkt. No. 17.  With respect to the remaining tickets, Plaintiff's motion states only that he "cannot locate the proof in writing for the additional airline tickets that Plaintiff had initially claimed."  *Id.*  Instead, the motion appears to ask this Court to reconsider its prior ruling on the fraud claim and its denial of punitive damages.

The Complaint alleged that the billing errors themselves constituted the misrepresentations amounting to fraud, which the Court previously denied based on failure to plead scienter with particularity.  *See* Compl. ¶ 18; Dkt. No. 15 at 7-8.  In the motion at issue, Plaintiff now argues he has also adequately pleaded fraud based on an earlier misrepresentation from Defendant described in Paragraph 11 of his Complaint:

> When Plaintiff continued to receive increased monthly bills *despite American Express Company's claim that they corrected the billing errors*, Plaintiff called American Express company and spoke to an honest worker who admitted that American Express Company had tried to obtain a refund . . . and that the Airlines refused to effect a refund, as such, American Express Company simply replaced the erroneous bill to Plaintiff's account and then clandestinely started to apply it monthly to Plaintiff's bill.

Compl. ¶ 11 (emphasis added).  Plaintiff alleges that Defendant told Plaintiff that it had refunded the tickets, despite the fact that it had not, and that this constituted fraud.[2]  Plaintiff further argues that Defendant's continued billing of Plaintiff for these tickets, despite the fact it "knew this representation of 'refund' to be false since [it] did not actually refund" the tickets, demonstrates that its behavior was willful such that it warrants punitive damages.  Dkt. No. 17 at 2.

---

[2] This conversation does not constitute Defendant's obligations to provide "written acknowledgement" and/or "written explanation or clarification" under 15 U.S.C. § 1666(a)(A)-(B), which is why the FCBA claim still stands.

That allegation does not state a claim of fraud for several reasons.  First, to adequately allege fraud, a complaint must "specify the time, place, speaker, and content of the alleged misrepresentations."  *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001).  The alleged misrepresentation is "American Express Company's claim that they corrected the billing errors," but Plaintiff has provided no information as to who made that statement, when that statement was made, or the details surrounding that conversation.  To the extent Plaintiff still maintains that the billing errors themselves were misrepresentations constituting fraud, the Complaint does not state that Defendant knew Plaintiff was entitled to a refund of the tickets at issue or that Defendant would have been ultimately responsible for issuing the refund—only that Defendant sought to obtain a refund for Plaintiff and was denied a refund by the airlines associated with the purchased tickets, regardless of whether Plaintiff was entitled to such refund.

Second, there is no allegation of intent to induce reliance by Plaintiff or that Plaintiff in fact relied on this statement.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015) ("Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages."); *accord Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001).  Taking Plaintiff's allegation as true that Defendant said it "corrected the billing errors" when it had in fact not made such correction, Plaintiff learned the "truth"—that Defendant had not made that correction—"when Plaintiff continued to receive increased monthly bills."  Compl. ¶ 11.  Plaintiff does not allege that it relied on Defendant's statement that the billing errors had been corrected in between that time, what that reliance entailed, or that it suffered damages from such reliance.  Nor does Plaintiff allege that Defendant had an "intent to induce" Plaintiff's reliance upon that statement, such as by

Defendant receiving some benefit from the alleged fraud.  Third, and similarly, the Complaint does not adequately allege that when Defendant said it had "corrected the billing errors," Defendant knew that statement to be false.  It does not plead that Defendant made that statement after it was unable to obtain a refund from the airlines (and thus knew the errors had not been corrected), and it does not plead the information that Defendant had at the time of the statement.[3]

## CONCLUSION

The amended motion for default judgment and for reconsideration of the Court's October 19, 2020 opinion is DENIED.  The judgment entered at Dkt. Nos. 15, 16 remains in effect.

The Court will permit Plaintiff an opportunity to file an amended complaint that includes additional allegations and details to support his claims, in accordance with this opinion.  Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff shall file such amended complaint by November 17, 2020.


SO ORDERED.


Dated: October 27, 2020
       New York, New York
                                              LEWIS J. LIMAN
                                           United States District Judge

---

[3] While Plaintiff makes the point that Defendant's failure to appear prevents him from seeking information through discovery, "[t]he essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."  *Spin Master Ltd. v. 158*, 2020 WL 2766104, at *9 (S.D.N.Y. May 28, 2020).  "A defendant is always free to ignore the judicial proceedings [and] risk a default judgment."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982).  The consequence is an "admission of all well-pleaded allegations against the defaulting party," *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004), but because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).