```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_10/17/2022__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
VINCENT O. EZEIRUAKU,                                                :
                                                                     :
                                      Plaintiff,                     :
                                                                     :                    20-cv-04004 (LJL)
                   -v-                                               :
                                                                     :                    MEMORANDUM AND
AMERICAN EXPRESS COMPANY,                                            :                    ORDER
                                                                     :
                                      Defendant.                     :
                                                                     :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was filed on May 22, 2020.  Dkt. No. 1.  After Defendant

failed to appear or otherwise respond to the Complaint, the Court entered default judgment in

favor of Plaintiff.  Dkt. No. 16.  On August 16, 2021, Defendant moved to set aside the default

judgment.  Dkt. No. 26.  The Court granted Defendant's motion and vacated the default

judgment.  Dkt. No. 36.  On February 3, 2022, the Court held a conference with the parties, at

which Plaintiff did not appear.  On April 4, 2022, the Court directed Plaintiff or anyone

prosecuting the case in his stead to inform the Court by June 3, 2022, whether he intends to

prosecute the case.  The Court warned that failure to do so will result in the case being dismissed

for failure to prosecute.  Dkt. No. 37.  A copy of that April 4 order was mailed to Plaintiff at the

address he provided the Court, but it was returned to the sender on June 22, 2022.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for

failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012

WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL

1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239

F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court

authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not filed anything in this action since February of 2021, and has failed to appear at the Court conference held on February 3, 2022. On April 4, 2022, the Court warned Plaintiff that failure to inform the Court by June 3, 2022 of whether he wishes to proceed with the case would result in the case being dismissed. Over four months have passed since that deadline and Plaintiff has not filed anything with the Court. Plaintiff also appears to have failed to notify the Court of his change of address.

"There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Although there is no specific evidence on the record that delay will prejudice Defendant— indeed, there is no record beyond the Complaint and the Court's orders—"[p]rejudice to

defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted,* 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 17, 2022
         New York, New York                              _____
                                                          LEWIS J. LIMAN
                                                          United States District Judge